**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                               Case No. 26-16032-PDR
                                                                     Chapter 11

I&I Diamonds, LLC,

      Debtor.

_____/

**RECEIVER'S MOTION TO AUTHORIZE TURNOVER TO DEBTOR AND**
**FOR RELATED RELIEF UNDER SECTION 543 OF THE BANKRUPTCY CODE**

Drew M. Dillworth, court appointed receiver (the "Receiver") for I&I Enterprises, LLC, d/b/a/ I&I Diamonds, LLC ("I&I" or the "Debtor"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 543, moves the Court for entry of an Order (the "Motion") granting relief related to the Receiver's turnover obligations, and in support thereof, respectfully states as follows:

**Jurisdiction, Venue, and Predicate**

1.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.        Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory predicate for the relief requested is sections 503 and 543 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The procedural predicate for the relief requested is Rule 6002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida.

**The Receiver's Report and Accounting**

I, Drew M. Dillworth, declare and state as follows:

1

***Appointment, Implementation, and Settlement with Judgment Creditor***

1.      On July 9, 2024, Property Damage Consultants, Inc. ("Judgment Creditor") obtained a Default Judgment ("Judgment") against the Debtor for a total sum of $84,849.05, plus post judgment interest, in the action styled *Property Damage Consultants, Inc. v. Igor Oleyek and I&I Enterprise, LLC, d/b/a I&I Diamonds, LLC*, pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "Receivership Court").   The Judgment was recorded with the Secretary of State on September 12, 2024, bearing a judgment lien certificate number of J24000595858.

2.      At the request of Judgment Creditor, the Receivership Court entered its *Post Judgment Order Appointing Receiver* ("Receiver Order"), dated January 12, 2025, which, inter alia, appointed me as Receiver.

3.      Prior to the my appointment, I&I operated a retail jewelry store located at 6564 N. State Road 7, Coconut Creek, FL 33073 ("Premises").

4.      Upon my appointment, I retained the services of Eric Rubin and Michael Shirinian of Michael Moecker & Associates ("Moecker") for the purposes of assisting me in implementing the operational provisions of the Receivership Order; specifically I required their expertise in valuing the type of personal property in which the Debtor deals (i.e., jewelry).  Thereafter, Moecker along with the Judgment Creditor and I (through representatives) visited the Premises (with local law enforcement) to implement the Receivership Order.

5.      Upon our arrival, the Judgment Debtor's principal, Igor Oleyek ("Mr. Oleyek") and the Judgment Creditor's representatives reached a settlement of the underlying Judgment in which (i) the judgment debtors agreed to repay the underlying indebtedness (plus interest and expenses) in periodic installments, (ii) I would take into my possession, through Moecker, certain personal

property chosen by Mr. Oleyek with a total liquidation value (as determined by Moecker) in an amount necessary to satisfy the underlying indebtedness plus interest and additional expenses, and (iii) the parties agreed to suspend the operational provisions of the Receiver Order.

6.      The terms of the settlement were formalized in a stipulation between the Judgment Creditor and judgment debtors and an agreed motion to suspend the operational provisions of the Receiver Order. Contemporaneously therewith, I filed an inventory in the Receivership Court (the "Receiver Inventory"). Importantly, the Receiver Inventory did not include all inventory of the Debtor at the Premises at the time of the settlement, including loose jewels and coins that Moecker witnessed in the course of its representation of me.

7.      Thereafter, I understand that the Debtor made a $20,000 payment to the Judgment Creditor under the terms of the settlement. Although not contemplated under their settlement, as a show of good faith and at the request of the Judgment Creditor, I sought relief from the Receivership Court to release certain items (chosen by Mr. Oleyek) from the Receiver Inventory in my custody, which was approved by the Receivership Court. A copy of the updated Receiver Inventory (post-partial release) was attached as Exhibit B to my report in the First Bankruptcy (defined below).

8.      Of particular note, I understand from my communications with Moecker that by the time Moecker dropped off the released inventory (on or about the petition date of this voluntary chapter 11 bankruptcy case), the Premises was filled with additional inventory not on the Premises at the time of the settlement.

*Debtor's First Bankruptcy*

9.      On February 26, 2025, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating the case styled *In re I&I Diamonds, LLC*, Case No. 25-12017-SMG (Bankr. S.D. Fla.) (the "First Bankruptcy").

10.     From my review of the schedules filed in the First Bankruptcy, none of the non-Receiver Inventory was disclosed by the Debtor. I was also aware that the Debtor disclosed that it was paying substantial personal expenses of Mr. Oleyek from the Debtor's revenue without paying the Judgment (and other liabilities, such as rent, that gave rise to the chapter 11 filing). Further, despite operating in chapter 11 for nearly 2 months, there were no debtor in possession operating reports filed. Those concerns were even more acute where the United States Trustee noted at the Initial Status Conference that he might seek dismissal of this case.

11.     Given the nature of the personal property in my possession (and not), these facts gave me grave concern turning over the entire inventory in my possession to the Debtor without certain safeguards (i.e., adequate protection).

12.     I, through my professionals, attempted to negotiate such safeguards with the Debtor and subchapter V trustee; which ultimately resulted in turnover of part of the personal property to the Debtor conditioned on certain adequate protection [ECF No. 42].

13.     The Debtor defaulted under the terms of the interim order and the Court terminated the Debtor's right to use the Receiver Inventory and granted stay relief for the Receiver and Judgment Creditor to liquidate the personal property [ECF No. 54].

14.     The United States trustee requested conversion or dismissal of the case, and ultimately, on July 30, 2025, the First Bankruptcy was dismissed.

4

*Agreed Turnover of Receiver Inventory and Subsequent Events*

15.     Thereafter, the Receivership Court, pursuant to the Debtor and Judgment Creditor's agreement, authorized and directed me to turnover the Receiver Inventory in my possession to the local Sheriff for sale.

16.     I understand that the Sheriff auctioned the Receiver Inventory in early December, 2025 and the sale netted a small sum to be credited towards the Judgment.

17.     Thereafter, the Receiver and the Judgment Creditor discussed implementing the Receiver Order again in light of the dismissal of the First Bankruptcy.

18.     However, the Judgment Creditor did not want me to incur additional administrative expenses after paying Moecker's first and final invoice. Accordingly, I engaged in months of negotiations with the Judgment Creditor over a path forward for the receivership and the payment of my expenses, which included seizing additional inventory or pursuing potential causes of action. Those discussions culminated in an agreement to discharge me, terminate the receivership, tax the expense of the receivership on the Debtor, and authorize the Judgment Creditor to pay the receivership expenses.

19.     Because of the settlement that was reached between the Judgment Creditor and the Debtor, the First Bankruptcy, the turnover to the Sheriff, and the contemporaneous suspension of the operational provisions of the Receiver Order, I did not come into possession of any other property or books and records of the Debtor other than the Receiver Inventory.  Therefore, other than my review of the public records, I am unaware of any other assets or liabilities of the Debtor.

20.     Prior to seeking such relief from the Receivership Court, the Debtor filed this second bankruptcy case.

21.     I have not made any distributions, other than the few items of jewelry the Receivership Court authorized me to release to the Debtor pre-petition.

22.     Prior to the filing of the instant bankruptcy and since the petition date, the Receiver incurred administrative expenses (the "Receiver Expense"), which are entitled to be compensated under sections 503 and 543 of the Bankruptcy Code. As a result, through May 27, 2026, the Receiver Expense totals $59,962.50. Detailed invoices of the Receiver Expense are attached as Composite Exhibit A.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 27, 2026.
Miami, Florida                              /s/ Drew M. Dillworth
                                            Drew M. Dillworth

**Relief Requested**

23.     The Receiver respectfully requests that the Court enter an Order (i) authorizing the Receiver to comply with the requirements of section 543 of the Bankruptcy Code, (ii) authorizing the Debtor to pay the Receiver Expense, (iii) approving the accounting set forth herein, and (iv) releasing and discharging the Receiver from any further obligations under the Receivership Order.

**Basis for Relief Requested**

24.     Section 543 of the Bankruptcy Code sets forth the duties and rights of a custodian upon the filing a bankruptcy case.

25.     In particular, subsection (a) prohibits a custodian with knowledge of the commencement of a case from disbursing any property of the debtor except as necessary to preserve such property that was in its custody. 11 U.S.C. § 543(a).

6

26.     Subsection (b)(1) of section 543 requires a custodian to deliver all property of the debtor in its possession to the trustee. 11 U.S.C. § 543(b)(1). Subsection (b)(2) also requires a custodian to file an accounting of all such property of the debtor that came into its possession. 11 U.S.C. § 543(b)(2); Bankruptcy Rule 6002.

27.     Finally, subsection (c) provides that the court shall "provide payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian." 11 U.S.C. § 543(c)(2); *see also* 11 U.S.C. § 543(b)(3)(E) (allowing administrative expense priority to "a custodian superseded under section 543 of this title, and compensation for the services of such custodian").

28.     Turnover and accounting pursuant to Section 543(b). Here, the Receiver is a custodian as defined under section 101(11) of the Bankruptcy Code. Nevertheless, he is not currently in possession of any property of the Debtor.

29.     Termination of receivership and discharge and release of the Receiver. Upon filing of the accounting, the Receiver's duties as a custodian have terminated and the Receiver has no other obligations to this Court (or the Receivership Court). Accordingly, in connection with the relief requested herein, the Receiver also requests that the Court discharge the Receiver from any further obligations under the Receiver Order, terminate the receivership, and release the Receiver – all customary relief that the Receivership Court would provide to its professionals in connection with the termination of its custodianship.

30.     Award and approval of the Receiver Expense. The Bankruptcy Code also provides that the Receiver's fees and expenses, including those of his professionals, are to be paid in connection with turnover. In this matter, the Receiver was preparing to seek relief from the Receivership Court to award the Receiver Expenses prior to the Petition Date, but that was stayed

7

by the filing of this case. They are reasonable given the complexity of the services rendered, the character of the property involved, the amount of money coming into the Receiver's hands, the time and responsibility involved, and the beneficial results achieved. *See Lewis v. Gramil Corp.*, 94 So.2d 174, 177 (Fla. 1957). Moreover, the Receiver has provided copies of his and his professionals' invoices to the Judgment Creditor and it consents to the payment of the Receiver Expenses.

WHEREFORE, the Receiver respectfully requests that the Court enter an Order, in the form attached as Exhibit B, (i) granting this Motion, (ii) authorizing the Receiver to turnover possession to the Debtor, (iii) approving the Receiver's accounting, (iv) terminating the receivership and discharging and releasing the Receiver, (v) approving and awarding the Receiver Expenses, and (vi) granting such further and other relief is just and proper under the circumstances.

Dated: June 1, 2026.

Respectfully submitted,

*/s/ Eric J. Silver*
Eric J. Silver, Esq.
Florida Bar Number 057262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel to the Receiver*

**Exhibit A**
**(Receiver Expense)**

9

#14763139 v1

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL  33130
Direct Line: (305) 789-3200
Fax: (305) 789-3395

DREW M. DILLWORTH, RECEIVER
150 W. Flagler Street
Miami, FL 33130

Invoice Date:                June 1, 2026
Invoice Number:                16129535
Matter Number:                41481.0044

*For Professional Services through* **May 27, 2026**

**Matter:**         I&I Enterprise LLC d/b/a I&I Diamonds

| | | |
|---|---|---|
| Total Fees | $ | 59,962.50 |
| Total Due This Invoice | $ | 59,962.50 |

MIAMI ▪ TAMPA ▪ FORT LAUDERDALE ▪ TALLAHASSEE ▪ CORAL GABLES

| | | | Invoice Date: | | | June 1, 2026 |
| | | | Invoice Number: | | | 16129535 |
| | | | Matter Number: | | | 41481.0044 |

**For Professional Services Rendered Through May 27, 2026**

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/04/25 | E.J. Silver | Review and analyze order appointing receiver (.3); conduct diligence regarding receivership entity (1.1); communicate with potential appraisers in connection with implementation of receivership order (1.3); | 2.70 | 725.00 | 1,957.50 |
| 02/04/25 | J. Osmolia | Discuss I&I with EJS | 0.80 | 425.00 | 340.00 |
| 02/11/25 | D.M. Dillworth | Review file information and confer with E. Silver regarding operations, risks associated with non-supervised takeover, amount of judgment, and related issues; | 0.70 | 950.00 | 665.00 |
| 02/13/25 | D.M. Dillworth | Coordinate M. Fernandez attendance at seizure/inspection; communications with E. Silver and M. Fernandez regarding status of same; | 0.60 | 950.00 | 570.00 |
| 02/13/25 | M. Martin | Site visit with judgment creditor representative and Moecker auctions; supervise collection of assets and gather information regarding the business; | 6.50 | 325.00 | 2,112.50 |
| 02/13/25 | E.J. Silver | Attend to implementation of receivership order including coordination of site visit and address issues stemming from proposed settlement; | 1.10 | 725.00 | 797.50 |
| 02/14/25 | J. Osmolia | Discuss visit to store to get collateral with MF | 1.00 | 425.00 | 425.00 |
| 02/18/25 | M. Martin | Draft, review and revise motion to suspend certain provisions or receivership; draft, review and revise order on motion to suspend certain provisions or receivership; | 1.50 | 325.00 | 487.50 |
| 02/18/25 | M. Martin | Draft, review, and revise oath of receiver; | 1.50 | 325.00 | 487.50 |
| 02/18/25 | E.J. Silver | Communicate with judgment creditor and judgment debtor regarding settlement, suspension of operational provisions of receiver order and release of personalty to judgment debtor; | 3.30 | 725.00 | 2,392.50 |
| 02/19/25 | M. Martin | Draft, review and revise inventory report in preparation for filing with the court; filing of report with the court; filing of notice with the court; filing of motion to suspend certain provisions and uploading of order to the court; | 2.00 | 325.00 | 650.00 |
| 02/19/25 | M. Martin | Draft motion to release certain inventory to judgment debtor; draft order on motion to release certain inventory to judgment debtor; | 1.50 | 325.00 | 487.50 |

Page Number 2

Invoice Date:        June 1, 2026
Invoice Number:        16129535
Matter Number:        41481.0044

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/19/25 | E.J. Silver | Multiple communications with individual judgment debtor regarding release of personalty including negotiation of amounts/types of jewelery and logistics for drop off (1.6); review and analyze and revise motion to suspend operations and inventory (.2); | 2.80 | 725.00 | 2,030.00 |
| 02/20/25 | E.J. Silver | Draft and revise motion to release personal property from receivership to judgment debtor as well as proposed order (.7); communicate with individual judgment debtor regarding release of personalty (.3); | 1.00 | 725.00 | 725.00 |
| 02/25/25 | E.J. Silver | Communicate with parties regarding release of property to judgment debtor; | 0.20 | 725.00 | 145.00 |
| 02/26/25 | D.M. Dillworth | Confer with counsel and judgment creditor regarding bankruptcy filing an related issues; | 0.30 | 950.00 | 285.00 |
| 02/26/25 | M. Martin | Travel to location to meet with debtor and receiver representative in order to return certain inventory; | 2.30 | 325.00 | 747.50 |
| 02/26/25 | E.J. Silver | Review and analyze suggestion of bankruptcy and communicate with receiver regarding impact on administration of estate; | 1.40 | 725.00 | 1,015.00 |
| 02/28/25 | M. Martin | Review and revise oath of receiver; filing of oath with the court; | 1.50 | 325.00 | 487.50 |
| 03/04/25 | E.J. Silver | Review and analyze communications from debtor's counsel regarding bankruptcy filing and potential resolution; | 0.30 | 725.00 | 217.50 |
| 03/12/25 | E.J. Silver | Communicate with receiver and counsel for debtor regarding chapter 11 bankruptcy filing; | 0.30 | 725.00 | 217.50 |
| 03/20/25 | E.J. Silver | Communicate with receiver and counsel for debtor regarding turnover and adequate protection; | 1.30 | 725.00 | 942.50 |
| 03/26/25 | E.J. Silver | Develop strategy regarding adequate protection for receiver and judgment creditor; conference call with counsel for judgment creditor, sub v trustee, and chapter 11 debtor to discuss issues arising from receivership/chapter 11 and turnover; | 1.30 | 725.00 | 942.50 |
| 03/27/25 | E.J. Silver | Communicate with counsel for judgment creditor regarding analysis of testimony from judgment debtor at 341 meeting of creditors; | 0.80 | 725.00 | 580.00 |
| 03/27/25 | J. Osmolia | I&I Diamonds 341 meeting; fix/edit notes for file | 2.50 | 425.00 | 1,062.50 |

Page Number 3

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

| | | | Invoice Date: | | | June 1, 2026 |
| | | | Invoice Number: | | | 16129535 |
| | | | Matter Number: | | | 41481.0044 |

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 04/02/25 | E.J. Silver | Prepare for and attend status conference; | 2.00 | 725.00 | 1,450.00 |
| 04/03/25 | E.J. Silver | Communicate with counsel for debtor regarding adequate protection and turnover; | 0.90 | 725.00 | 652.50 |
| 04/07/25 | E.J. Silver | Draft motion to authorize turnover; | 1.80 | 725.00 | 1,305.00 |
| 04/08/25 | E.J. Silver | Finalize draft of motion for turnover and communicate with sub v trustee; | 1.20 | 725.00 | 870.00 |
| 04/14/25 | E.J. Silver | Draft and revise motion to authorize turnover and for adequate protection; | 1.60 | 725.00 | 1,160.00 |
| 04/15/25 | E.J. Silver | Finalize draft report and accounting and objection to turnover and request for adequate protection (1.4); communicate with client and judgment creditor regarding adequate protection parameters (.3); | 1.70 | 725.00 | 1,232.50 |
| 04/17/25 | E.J. Silver | Draft and revise objection to turnover and motion for adequate protection as well as proposed order; | 3.60 | 725.00 | 2,610.00 |
| 04/18/25 | M. Martin | Draft, review, and revise notice of filing updated inventory list; filing of notice with the court; | 1.50 | 325.00 | 487.50 |
| 04/18/25 | M. Martin | Review objection to turnover request; compile exhibits for objection; filing of document with the court; | 1.50 | 325.00 | 487.50 |
| 04/18/25 | E.J. Silver | Revise and finalize objection to turnover and prepare for filing; | 0.90 | 725.00 | 652.50 |
| 04/22/25 | E.J. Silver | Multiple communications with sub v trustee and debtor's counsel regarding adequate protection and turnover; | 1.40 | 725.00 | 1,015.00 |
| 04/23/25 | E.J. Silver | Prepare for and attend hearing on debtor's motion for turnover pursuant to section 543, including review and analysis of debtor proposals of adequate protection and negotiation of proposed order; | 4.40 | 725.00 | 3,190.00 |
| 04/30/25 | E.J. Silver | Review revised budget circulated by debtor's counsel and settlement proposal circulated therewith; | 0.40 | 725.00 | 290.00 |
| 05/01/25 | E.J. Silver | Prepare for and attend continued hearing on 543 issues including continued negotiations with debtor and sub V trustee (2.1); revise order on turnover to adjust for interim status and settlement terms (1.6); communicate with counsel for debtor, judgment creditor, sub v trustee, and UST regarding proposed changes to order (.5); | 4.20 | 725.00 | 3,045.00 |
| 05/02/25 | E.J. Silver | Numerous email communications with Moecker regarding debtor requests for turnover attempting to track down | 4.00 | 725.00 | 2,900.00 |

Page Number 4

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

|  | | Invoice Date: | | | June 1, 2026 |
|  | | Invoice Number: | | | 16129535 |
|  | | Matter Number: | | | 41481.0044 |

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
|  |  | information related to the jewelry (.8); negotiate language of turnover order with debtor's counsel (.5); multiple communications with debtor's counsel regarding schedule of inventory, including auditing debtor's requests (2.7); |  |  |  |
| 05/06/25 | E.J. Silver | Communicate with sub V trustee regarding request of debtor to renegotiate compromise announced on record at hearing previous week on interim turnover; | 0.20 | 725.00 | 145.00 |
| 05/07/25 | E.J. Silver | Communicate with sub V trustee and Moecker regarding debtor's request to turnover jewelry at non-premises location, including fast food chains in nearby vicinity; | 2.10 | 725.00 | 1,522.50 |
| 05/27/25 | E.J. Silver | Draft and send notice of default to debtor regarding payment and reporting defaults; | 0.60 | 725.00 | 435.00 |
| 05/29/25 | M. Martin | Review notice of default; filing of notice with the court; emailing of document to chambers; | 1.50 | 325.00 | 487.50 |
| 05/29/25 | E.J. Silver | Draft notice of default and request for emergency hearing (1.3); communicate with debtor's counsel regarding defaults and remedies (.3); | 1.60 | 725.00 | 1,160.00 |
| 06/02/25 | E.J. Silver | Prepare for hearing on notice of default under terms of Interim Turnover Order including review of defaulted provisions and bank statements, as well as communications with debtor's counsel and subchapter V trustee regarding dismissal of bankruptcy case; | 2.10 | 725.00 | 1,522.50 |
| 06/03/25 | M. Martin | Review and revise order determining default; uploading of order with the court; | 1.00 | 325.00 | 325.00 |
| 06/03/25 | E.J. Silver | Prepare for and attend hearing on notice of default including review of interim order and defaults, communications with opposing counsel for debtor and subchapter v trustee, and drafting of proposed order granting default remedies; | 2.80 | 725.00 | 2,030.00 |
| 06/03/25 | E.J. Silver | Communicate with Moecker regarding return of receiver inventory and proposal for disposition of inventory; | 0.60 | 725.00 | 435.00 |
| 06/06/25 | E.J. Silver | Communications with counsel for debtor and judgment creditor regarding potential resolution of claims and defaults (.7); communicate with Moecker regarding order, turnover, and potential disposition of jewelry (.4); | 1.10 | 725.00 | 797.50 |
| 06/09/25 | E.J. Silver | Meeting with judgment creditor to update | 0.50 | 725.00 | 362.50 |

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

| | | Invoice Date: | | | June 1, 2026 |
| | | Invoice Number: | | | 16129535 |
| | | Matter Number: | | | 41481.0044 |

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | on status of administration of estate (.2); communicate with Moecker regarding turnover of inventory and request for auction proposal (.3); | | | |
| 06/20/25 | E.J. Silver | Communicate with subchapter v trustee regarding dismissal of chapter 11 bankruptcy case; | 0.30 | 725.00 | 217.50 |
| 06/24/25 | E.J. Silver | Review and analyze auction proposal from Moecker for sale of inventory; | 0.30 | 725.00 | 217.50 |
| 06/25/25 | M. Martin | Draft motion to employ auctioneer and approve sale of inventory; draft order on motion to employ auctioneer and approve sale of inventory; | 2.50 | 325.00 | 812.50 |
| 06/25/25 | E.J. Silver | Develop strategy with judgment creditor regarding disposition of inventory; communicate with Moecker regarding proposal to sell diamonds; | 1.50 | 725.00 | 1,087.50 |
| 07/23/25 | E.J. Silver | Prepare for and attend hearing on motion to dismiss chapter 11 bankruptcy case including communications with Sub V trustee and receiver regarding relief; | 3.10 | 725.00 | 2,247.50 |
| 09/10/25 | E.J. Silver | Coordinate turnover and liquidation of inventory; | 1.00 | 725.00 | 725.00 |
| 09/16/25 | E.J. Silver | Draft and revise motion to authorize turnover to sheriff and provide copy to judgment creditor for comment; | 1.30 | 725.00 | 942.50 |
| 09/18/25 | M. Martin | Review and revise motion to turnover inventory; filing of motion with the court; uploading of order with the court; | 1.50 | 325.00 | 487.50 |
| 09/18/25 | E.J. Silver | Draft and revise motion and to turnover property to sheriff and proposed order; | 0.60 | 725.00 | 435.00 |
| 12/15/25 | E.J. Silver | Communications with judgment creditor and judgment debtor regarding auction of personal property and proposed settlement | 0.30 | 725.00 | 217.50 |
| 12/17/25 | E.J. Silver | Communications with judgment creditor and judgment debtor regarding auction of personal property and proposed settlement | 0.20 | 725.00 | 145.00 |
| 01/18/26 | E.J. Silver | Communications with judgment creditor and receiver regarding next steps in administration of receivership estate, including expenses associated with implementing receiver order and taking possession of additional inventory | 0.40 | 725.00 | 290.00 |
| 02/23/26 | E.J. Silver | Followup with judgment creditor regarding receivership estate and proposals for payment of Moecker invoices and other receivership expenses | 0.20 | 725.00 | 145.00 |
| 03/18/26 | E.J. Silver | Followup with judgment creditor regarding potential causes of action for | 0.50 | 725.00 | 362.50 |

Page Number 6

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

|  | | | Invoice Date: | | June 1, 2026 |
|  | | | Invoice Number: | | 16129535 |
|  | | | Matter Number: | | 41481.0044 |

| **Date** | **Name** | **Description** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|---|---|
|  |  | receivership estate to bring to recovery proceeds for benefit of judgment creditor |  |  |  |
| 04/24/26 | E.J. Silver | Communicate with judgment creditor regarding termination of receivership estate and discharge of receiver | 0.40 | 725.00 | 290.00 |

### Timekeeper Summary

| **Name** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Drew M. Dillworth | 1.60 | 950.00 | 1,520.00 |
| Eric J. Silver | 66.30 | 725.00 | 48,067.50 |
| Julia Anne Osmolia | 4.30 | 425.00 | 1,827.50 |
| Mindy Arocha Martin | 26.30 | 325.00 | 8,547.50 |
| **Total** | **98.50** |  | **$59,962.50** |

| **Total Due This Invoice** |  | | **$59,962.50** |

**D.M. Dillworth**

Page Number 7

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL  33130
Direct Line: (305) 789-3200
Fax: (305) 789-3395

DREW M. DILLWORTH, RECEIVER
150 W. Flagler Street
Miami, FL 33130

| | |
|---|---|
| Invoice Date: | June 1, 2026 |
| Invoice Number: | 16129535 |
| Matter Number: | 41481.0044 |

## REMITTANCE PAGE

*For Professional Services through **May 27, 2026***

**Matter:**  I&I Enterprise LLC d/b/a I&I Diamonds

| | |
|---|---|
| Total Fees | $                59,962.50 |
| Total Due This Invoice | $          59,962.50 |

REMITTANCE

| Please make checks payable to: | To pay by ACH or wire transfer: |
|---|---|
| Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>150 W. Flagler Street, Suite 2200<br>Attention: ACCOUNTS RECEIVABLE<br>Miami, Florida 33130<br><br>FEIN No.: 59-2126062 | Citibank, N.A.<br>ABA No.: ▮▮▮▮▮▮<br>Account No.: ▮▮▮▮▮▮▮<br><br>Please include invoice/matter number(s) to avoid delays and errors in processing. |

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

**Exhibit B**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No. 26-16032-PDR
                                                         Chapter 11

I&I Diamonds, LLC,

              Debtor.

_____/

**ORDER GRANTING RECEIVER'S MOTION**
**TO AUTHORIZE TURNOVER TO DEBTOR AND FOR**
**RELATED RELIEF UNDER SECTION 543 OF THE BANKRUPTCY CODE**

This matter came before the Court on June __, 2026, at --:-- a.m./p.m. (the "Hearing") upon the Motion to Authorize Turnover to Debtor and for Related Relief Under Section 543 of the Bankruptcy Code (the "Motion") [ECF No. --] filed by Drew M. Dillworth (the "Receiver"), as court appointed receiver for I&I Diamonds, LLC (the "Debtor"). As set forth in the Motion, the Receiver was appointed on January 12, 2025, pursuant to a *Post Judgment Order Appointing Receiver* (the "Receivership Order") in an action styled *Property Damage Consultants, Inc. v. Igor*

10

*Oleyek and I&I Enterprise, LLC, d/b/a I&I Diamonds, LLC* (the "Receivership Action"), pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Receivership Court").

In the Motion, the Receiver reports and accounts with respect to the property of the estate and his administration thereof, seeks authority to turnover certain property in his custody to the Debtor, and requests that this Court determine the propriety of his administration, all consistent with Section 543 of the Bankruptcy Code and Bankruptcy Rule 6002.

The Motion and notice of the Hearing were served on all parties in interest. No party filed a written response to the Motion, and no party objected to any of the relief requested in the Motion at the Hearing. The Court, having considered the Motion and record, the arguments of counsel made on the record at the Hearing, and being otherwise duly advised in the premises, finds it appropriate to grant the Motion.

Therefore, it is –

ORDERED as follows:

1.    The Motion is GRANTED.

2.    <u>Turnover</u>. The Receiver is AUTHORIZED and DIRECTED to turnover to the Debtor within fourteen (14) days of the entry of this Order.

3.    <u>Award and Payment of Receiver's Compensation</u>. The Receiver and his professionals are ALLOWED an award of total compensation of $59,962.50. The Judgment Creditor and the Debtor are AUTHORIZED and DIRECTED to pay the Receiver's awarded compensation from the estate or the proceeds of the levied property, respectively. In the event the Judgment Creditor pays the Receiver Expense, the amounts shall be taxed against the Debtor

11

pursuant to section 56.29, Fla. Stat., and shall be added to the amounts owed under the Judgment and shall be allowable as an administrative expense claim against the Debtor's chapter 11 estate.

4.    <u>Approval of Accounting; Termination and Closure of Receivership; Discharge and Release of Receiver</u>. The accounting by the Receiver is APPROVED. The Receiver has fully, faithfully, and competently performed, and otherwise satisfied and discharged, all of the obligations and duties imposed by the Receivership Order. The Receiver is relieved from any further reporting obligations to this Court and the Receivership Court. The Receiver is hereby DISCHARGED and RELEASED from any and all duties and obligations as Receiver.  Any and all actions of the (i) Receiver, (ii) any party acting under the authority or direction of the Receiver taken at any time during the pendency of the receivership, including without limitation (a) the Receiver's employees, (b) Receiver's legal counsel are hereby released an absolved of and from any and all claims arising from the performance of the obligations imposed by the Receivership Court in the Receivership Order or otherwise. The receivership over the Debtor established pursuant to the Receivership Order is hereby TERMINATED and the receivership estate is CLOSED. The Receiver is AUTHORIZED and DIRECTED to file this Order in the Receivership Action.

# # #

<u>Submitted by and copy furnished to:</u>
Eric J. Silver, Esq., FBN 05762
esilver@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, Florida 33130
(Attorney Silver is directed to serve a conformed copy of this Order,
immediately upon receipt of same from the Court, upon all interested parties.)

12