**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In Re:

I&I DIAMONDS LLC,

Debtor,
_______________________________________/

Case No. 26-16032-MAM
Chapter 11
(Subchapter V)

**DEBTOR'S LIMITED RESPONSE TO RECEIVER'S MOTION TO AUTHORIZE TURNOVER TO DEBTOR AND FOR RELATED RELIEF UNDER SECTION 543 OF THE BANKRUPTCY CODE**

Debtor, I&I Diamonds, LLC ("Debtor"), by and through its undersigned counsel, hereby files this Limited Response to the Receiver's Motion to Authorize Turnover to Debtor and for Related Relief Under Section 543 of the Bankruptcy Code [ECF No. 22] (the "Motion") filed by Drew M. Dillworth, the court-appointed receiver (the "Receiver"). In support of this Limited Response, the Debtor respectfully states as follows:

1. The Debtor does not dispute that a custodian superseded under 11 U.S.C. § 543 may be entitled to reasonable compensation and administrative expense priority for actual, necessary services rendered. Consequently, the Debtor does not challenge the Receiver's underlying entitlement to seek and receive some form of reasonable compensation from this estate.

2. However, prior to this Court's approval and authorization of the requested payment of $59,962.50 in Receiver Expenses, the Debtor requires sufficient disclosure regarding the disposition of its assets. To date, the Debtor has yet to receive crucial accounting information concerning the ultimate results and value obtained from the pre-petition liquidation of its inventory.

3. Because the value of the inventory seized may have greatly exceeded the true amount of the judgment creditor's underlying claim, the Debtor submits this Limited Response to ensure

proper accountability and asset maximization before any final administrative compensation is distributed.

4. On January 12, 2025, the Receiver was appointed by the state court to oversee certain personal property of the Debtor to satisfy a default judgment held by Property Damage Consultants, Inc. (the "Judgment Creditor") in the amount of $84,849.05.

5. According to the Motion, the state court subsequently authorized the Receiver to turn over the accumulated "Receiver Inventory" to the local Sheriff for sale. The Receiver notes that the Sheriff auctioned this inventory in early December 2025.

6. Critically, the Motion provides no substantive detail regarding this auction, stating only that the sale "netted a small sum to be credited towards the Judgment." To date, the Debtor has not been provided with formal documentation, closing statements, or an itemized breakdown detailing the specific results, gross proceeds, or precise disposition of the inventory sold at the sheriff's sale.

7. The Debtor has reason to believe that the fair market or liquidation value of the specialized jewelry inventory obtained and liquidated through this process may have greatly exceeded the actual amount of the Judgment Creditor's claim.

8. As a debtor-in-possession, the Debtor owes a fiduciary duty to its estate and its entire body of creditors to ensure that all assets are fully accounted for, and that the value of prepetition sales was maximized. Without transparent disclosure from the Receiver and his counsel regarding the sheriff's sale, the Debtor cannot properly evaluate whether the asset proceeds were adequately maximized for the benefit of the estate and this creditor.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order deferring the final approval and payment of the Receiver's Expenses ($59,962.50) until such time as the Receiver and his counsel provide the Debtor with sufficient information, documentation, and a detailed accounting in connection with the results of the sheriff's sale and any specific values obtained therefrom; and granting such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LORIUM LAW**
*Counsel for Debtor*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@loriumlaw.com

By: /s/ Joe M. Grant
JOE M. GRANT
Florida Bar No. 137758

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of June, 2026, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## SERVICE LIST

**SERVED VIA CM/ECF NOTICE:**
Carol Lynn Fox; cfox@glassratner.com; cclf11@trustesolutions.net
Martin P Ochs on behalf of U.S. Trustee Office of the US Trustee; martin.p.ochs@usdoj.gov
Office of the US Trustee; USTPRegion21.MM.ECF@usdoj.gov
John Schank on behalf of U.S. Trustee Office of the US Trustee; john.s.schank@usdoj.gov
Eric J Silver on behalf of Interested Party Drew Dillworth; esilver@stearnsweaver.com; jless@stearnsweaver.com; fsanchez@stearnsweaver.com; cgraver@stearnsweaver.com; mfernandez@stearnsweaver.com