**ORDERED in the Southern District of Florida on July 1, 2026.**

Mindy A. Mora, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re: Case No. 26-16032-MAM
Chapter 11

I&I Diamonds, LLC,

Debtor.
_______________________________________/

**ORDER GRANTING RECEIVER'S MOTION TO AUTHORIZE TURNOVER TO DEBTOR AND FOR RELATED RELIEF UNDER SECTION 543 OF THE BANKRUPTCY CODE**

This matter came before the Court on June 30, 2026, at 1:30 p.m. (the "Hearing") upon the Motion to Authorize Turnover to Debtor and for Related Relief Under Section 543 of the Bankruptcy Code (the "Motion") [ECF No. 22] filed by Drew M. Dillworth (the "Receiver"), as court appointed receiver for I&I Diamonds, LLC (the "Debtor"). As set forth in the Motion, the Receiver was appointed on January 12, 2025, pursuant to a *Post Judgment Order Appointing Receiver* (the "Receivership Order") in an action styled *Property Damage Consultants, Inc. v. Igor*

*Oleyek and I&I Enterprise, LLC, d/b/a I&I Diamonds, LLC* (the "Receivership Action"), pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Receivership Court").

In the Motion, the Receiver reports and accounts with respect to the property of the estate and his administration thereof, seeks authority to turnover certain property in his custody to the Debtor, and requests that this Court determine the propriety of his administration, all consistent with Section 543 of the Bankruptcy Code and Bankruptcy Rule 6002.

The Motion and notice of the Hearing were served on all parties in interest. The Debtor filed an objection to the Motion [ECF No. 34] (the "Objection"). The Court, having considered the Motion and record, the arguments of counsel made on the record at the Hearing, and being otherwise duly advised in the premises, finds it appropriate to grant the Motion.

Therefore, it is –

ORDERED as follows:

1. The Motion is GRANTED.

2. The Objection is OVERRULED. If the Debtor seeks information regarding the sheriff sale referenced in the Receiver's Final Report, including the inventory of items sold, the results of the sheriff sale and any subsequent disposition of the property, then the Debtor shall seek that information from the Judgment Creditor.

3. Turnover. The Receiver is AUTHORIZED and DIRECTED to turnover to the Debtor within fourteen (14) days of the entry of this Order.

4. Award and Payment of Receiver's Compensation. The Receiver and his professionals are ALLOWED an award of total compensation of $59,962.50. The Judgment Creditor and the Debtor are AUTHORIZED and DIRECTED to pay the Receiver's awarded

compensation from the estate or the proceeds of the levied property, respectively. In the event the Judgment Creditor pays the Receiver Expense, the amounts shall be taxed against the Debtor pursuant to section 56.29, Fla. Stat., and shall be added to the amounts owed under the Judgment and shall be allowable as an administrative expense claim against the Debtor's chapter 11 estate.

5. Approval of Accounting; Termination and Closure of Receivership; Discharge and Release of Receiver. The accounting by the Receiver is APPROVED. The Receiver has fully, faithfully, and competently performed, and otherwise satisfied and discharged, all of the obligations and duties imposed by the Receivership Order. The Receiver is relieved from any further reporting obligations to this Court and the Receivership Court. The Receiver is hereby DISCHARGED and RELEASED from any and all duties and obligations as Receiver. Any and all actions of the (i) Receiver, (ii) any party acting under the authority or direction of the Receiver taken at any time during the pendency of the receivership, including without limitation (a) the Receiver's employees, (b) Receiver's legal counsel are hereby released an absolved of and from any and all claims arising from the performance of the obligations imposed by the Receivership Court in the Receivership Order or otherwise. The receivership over the Debtor established pursuant to the Receivership Order is hereby TERMINATED and the receivership estate is CLOSED. The Receiver is AUTHORIZED and DIRECTED to file this Order in the Receivership Action.

# # #

Submitted by and copy furnished to:
Eric J. Silver, Esq., FBN 05762
esilver@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, Florida 33130
(Attorney Silver is directed to serve a conformed copy of this Order, immediately upon receipt of same from the Court, upon all interested parties.)