**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.com**

In re:

I&I DIAMONDS LLC,

Debtor.

_____________________________/

Case No. 26-16032-PDR
Chapter 11
(Subchapter V)

**DEBTOR'S MOTION TO REJECT UNEXPIRED COMMERCIAL LEASE WITH CORAL CREEK R2G OWNER, LLC PURSUANT TO 11 U.S.C. § 365(a)**

**EXPEDITED HEARING REQUESTED**

**Debtor respectfully requests that the Court conduct an expedited hearing on this Motion on or before July 21, 2026.**

I&I Diamonds LLC (the "Debtor"), as debtor and debtor-in-possession in the above-captioned Subchapter V case, by and through undersigned counsel, moves for entry of an order authorizing rejection of the Debtor's unexpired commercial lease with Coral Creek R2G Owner, LLC pursuant to 11 U.S.C. § 365(a) and Federal Rule of Bankruptcy Procedure 6006 (the "Motion"), and states as follows:

**BACKGROUND**

1. On May 8, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected treatment under Subchapter V.

2. The Debtor remains in possession of its property and continues to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor operates a retail jewelry store and jewelry repair business in Coconut Creek, Florida.

4. The Debtor is the tenant under an unexpired commercial lease with Coral Creek R2G Owner, LLC (the "Landlord") relating to the nonresidential real property located at 6564 North State Road 7, Coconut Creek, Florida 33073 (the "Premises") (the "Lease").

5. The Debtor's Chapter 11 Case Management Summary disclosed that the Premises are leased and that the Debtor filed this case, in part, because it was behind on rent for its then-current commercial space.

6. The Debtor's June 30, 2026 pre-status conference report stated that the Debtor was continuing to analyze its nonresidential real property lease and, at that time, anticipated that its leases would be assumed. The Debtor's analysis was not complete, however, and the report expressly stated that the Debtor was still analyzing the Lease and would determine whether to assume or reject it.

7. Since filing the pre-status conference report, the Debtor has continued to evaluate its operating expenses, prevailing economic conditions, the economics associated with the Premises, and the availability of alternative commercial space. Based upon that further analysis, the Debtor changed its business judgment and determined that assumption of the Lease is not in the best interests of the estate.

8. In particular, the Debtor has identified the opportunity to operate from replacement commercial premises at a materially lower rental cost. In light of current economic conditions and the Debtor's need to preserve liquidity during its reorganization, the Debtor has determined that continued performance under the Lease would impose an unnecessary and burdensome occupancy expense on the estate.

9. The Debtor is pursuing replacement commercial premises at a lower rental cost. By separate motion, the Debtor is seeking authority to enter into a new commercial lease outside the ordinary course of business.

10. The Debtor has already vacated the Premises and ceased conducting business from that location. The Debtor has surrendered possession of the Premises to the Landlord. The Debtor requests that rejection be effective as of July 9, 2026, subject to the Court's approval and the facts established at the hearing.

## RELIEF REQUESTED

11. The Debtor requests entry of an order authorizing rejection of the Lease pursuant to 11 U.S.C. § 365(a), effective as of July 9, 2026, and confirming that the Debtor shall have no obligation to perform post-rejection obligations under the Lease except as otherwise required by the Bankruptcy Code or further order of the Court.

12. The Debtor further requests that any claim arising from rejection of the Lease be treated as a prepetition claim pursuant to 11 U.S.C. §§ 365(g)(1) and 502(g)(1), subject to all rights, defenses, objections, limitations, and caps available to the Debtor and the estate, including 11 U.S.C. § 502(b)(6).

## BASIS FOR RELIEF

13. Section 365(a) provides that, subject to Court approval, a debtor-in-possession may assume or reject an executory contract or unexpired lease. 11 U.S.C. §§ 365(a), 1107(a). Federal Rule of Bankruptcy Procedure 6006 governs a motion to reject an unexpired lease.

14. The traditional standard governing rejection under § 365(a) is the debtor's business judgment. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984). The purpose of § 365 is to permit a debtor to evaluate ongoing contractual and lease obligations and reject those that are burdensome to the estate or inconsistent with a successful reorganization.

15. Courts applying § 365(a) defer to a debtor's reasonable business judgment where rejection benefits the bankruptcy estate. See, e.g., In re Institutional Partners, LLC, Case No. 09-26196-JKO, 2009 WL 2997924, at *6–7 (Bankr. S.D. Fla. Aug. 28, 2009) (recognizing rejection where the debtor exercised reasonable business judgment for the benefit of the estate).

16. The Debtor has exercised sound business judgment in determining to reject the Lease. Although the Debtor previously anticipated assumption while its review was ongoing, subsequent developments and further economic analysis caused the Debtor to change course. The Debtor considered current economic conditions, its need to preserve postpetition liquidity, and the availability of replacement space at a lower rental cost. Based on those considerations, the Debtor concluded that maintaining the Lease is economically burdensome and is not the best use of the Debtor's limited post-petition cash flow.

17. Rejection will permit the Debtor to eliminate a burdensome continuing lease obligation, transition to replacement premises at a lower rental cost, preserve operating liquidity, and improve the Debtor's ability to fund a confirmable plan of reorganization.

18. The decision to reject is directly tied to the Debtor's prospects for reorganization. The Debtor anticipates funding its plan primarily through income generated by jewelry and diamond sales and repair services. Reducing unnecessary occupancy costs will preserve cash that can be used to maintain operations and make payments under a plan.

19. The Debtor therefore submits that rejection of the Lease is a reasonable exercise of business judgment and is in the best interests of the estate and creditors.

**EFFECT OF REJECTION AND LANDLORD CLAIM**

20. Pursuant to 11 U.S.C. § 365(g)(1), rejection of a lease that has not previously been assumed constitutes a breach of the Lease immediately before the Petition Date. Any resulting rejection-damages claim is treated under 11 U.S.C. § 502(g)(1) as if the claim had arisen before the Petition Date.

21. Any claim asserted by the Landlord remains subject to objection by the Debtor and all applicable provisions of the Bankruptcy Code, including the limitation on damages resulting from termination of a lease of real property set forth in 11 U.S.C. § 502(b)(6).

22. Nothing in this Motion constitutes an admission as to the amount, validity, priority, or allowance of any claim held or asserted by the Landlord. The Debtor expressly reserves all rights and defenses with respect to any such claim.

**REQUEST FOR EXPEDITED HEARING**

23. The Debtor requests an expedited hearing on this Motion because the Debtor has already vacated and surrendered the Premises, is pursuing lower-cost replacement premises, and seeks prompt certainty concerning the status of the Lease and the estate's ongoing obligations. Prompt resolution will facilitate the Debtor's relocation, continued operations, and plan process.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein and awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LORIUM PLLC**
*Counsel for Debtor*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@loriumlaw.com

By: /s/ Joe M. Grant
JOE M. GRANT
Florida Bar No. 137758

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of July, 2026, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all parties and counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

***Served via CM/ECF NOTICE:***
Carol Lynn Fox; cfox@glassratner.com; cclf11@trustesolutions.net
Siobhan E. P. Grant on behalf of Creditor Coral Creek R2G Owner, LLC; sgrant@hinshawlaw.com; bmarquez@hinshawlaw.com; kcongdon@hinshawlaw.com; MIADocket@hinshawlaw.com
Molly R Litchfield on behalf of Creditor Coral Creek R2G Owner, LLC; mlitchfield@hinshawlaw.com; attorneyteam01support@hinshawlaw.com
Martin P Ochs on behalf of U.S. Trustee Office of the US Trustee; martin.p.ochs@usdoj.gov
Office of the US Trustee; USTPRegion21.MM.ECF@usdoj.gov
John Schank on behalf of U.S. Trustee Office of the US Trustee; john.s.schank@usdoj.gov
Eric J Silver on behalf of Interested Party Drew Dillworth
esilver@stearnsweaver.com; jless@stearnsweaver.com; fsanchez@stearnsweaver.com; cgraver@stearnsweaver.com; mfernandez@stearnsweaver.com