**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.com**

In re:

I&I DIAMONDS LLC,

Debtor.

______________________________/

Case No. 26-16032-PDR
Chapter 11
(Subchapter V)

**DEBTOR'S MOTION FOR AUTHORITY TO ENTER INTO NEW COMMERCIAL LEASE OUTSIDE THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. §§ 363(b) AND 364(b)**

**EXPEDITED HEARING REQUESTED**

**Debtor respectfully requests that the Court conduct an expedited hearing on this Motion on or before July 21, 2026.**

I&I Diamonds LLC (the "Debtor"), as debtor and debtor-in-possession in the above-captioned Subchapter V case, by and through undersigned counsel, moves for entry of an order authorizing the Debtor to enter into a new commercial lease outside the ordinary course of business pursuant to 11 U.S.C. §§ 363(b) and 364(b) (the "Motion"), and states as follows:

## BACKGROUND

1. On May 8, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected treatment under Subchapter V.

2. The Debtor remains in possession of its property and continues to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor operates a retail jewelry and jewelry repair business. The Debtor's case management summary identifies its business as a retail jewelry store and jewelry repair store located in Coconut Creek, Florida, and identified its former business premises at 6564 North State Road 7, Coconut Creek, Florida 33073 as leased premises.

4. The Debtor filed this case, in part, because it was behind on rent for its existing commercial space and because of ongoing state-court litigation and other creditor obligations.

5. The Debtor is the tenant under a commercial lease with Coral Creek R2G Owner, LLC (the "Existing Landlord") relating to the Debtor's former business premises (the "Existing Lease"). The Debtor vacated those premises on July 9, 2026, and is negotiating the terms and effective date of a formal surrender with the Existing Landlord. By separate motion, the Debtor is seeking authority to reject the Existing Lease pursuant to 11 U.S.C. § 365(a).

6. After further evaluation of the Debtor's business operations, occupancy needs, prevailing economic conditions, and reorganization prospects, the Debtor changed its prior business judgment concerning the Existing Lease. The Debtor determined that continued occupancy under the Existing Lease was not in the best interests of the estate, particularly because lower-cost replacement space is available and reducing occupancy expense will preserve liquidity needed for the Debtor's reorganization.

7. The Debtor has identified proposed replacement commercial premises at a lower rental cost and is negotiating a new commercial lease. The Debtor believes the reduced occupancy cost will improve monthly cash flow and enhance the feasibility of its proposed plan. The Debtor is actively obtaining the information from the landlord as this is a new building. Debtor will supplement this motion prior to the hearing.

8. The Debtor will file the proposed lease, or a summary of its material terms if appropriate, sufficiently in advance of the hearing to permit the Court and parties in interest to evaluate the proposed transaction. The Debtor does not seek authority by this Motion to enter into any lease on terms materially different from those disclosed to the Court.

9. The Debtor's proposed plan of reorganization is expected to be funded primarily through income generated by jewelry and diamond sales and jewelry repair services. The ability to maintain an operating location is therefore directly related to the Debtor's ability to continue generating revenue and fund a feasible plan.

10. At the status conference held on July 14, 2026, the Court indicated that entry into the proposed new commercial lease is not a transaction in the ordinary course of the Debtor's business. The Debtor accordingly files this Motion to obtain express Court authority before binding the estate to the proposed lease obligations.

## RELIEF REQUESTED

11. The Debtor requests authority to enter into the proposed new commercial lease, on the terms disclosed to the Court, and to make the security deposit, first month's rent, and other payments required at lease commencement.

12. The Debtor further requests authority to perform its obligations under the new lease in the ordinary course after execution without the necessity of seeking further Court approval for routine rent, additional rent, utilities, insurance, and other ordinary occupancy expenses required by the lease, subject to the Bankruptcy Code, the confirmed plan, and further order of the Court.

## BASIS FOR RELIEF

### A. The Court May Authorize the Transaction Under 11 U.S.C. § 363(b).

13. Section 363(b)(1) authorizes a debtor-in-possession, after notice and a hearing, to use, sell, or lease property of the estate outside the ordinary course of business. See 11 U.S.C. §§ 363(b)(1), 1107(a).

14. The Eleventh Circuit has recognized that a debtor-in-possession retains the statutory authority to seek Court approval to use, sell, or lease estate property outside the ordinary course of business. See Breland v. U.S. (In re Breland), 989 F.3d 919, 923–24 (11th Cir. 2021).

15. The proposed relocation is supported by a sound business purpose. The Debtor is an operating retail jewelry and repair business whose anticipated reorganization depends primarily upon continued jewelry sales and repair revenue. A commercially viable operating location is necessary to preserve that revenue stream, maintain customer access, protect going-concern value, and fund a plan of reorganization.\

16. The proposed new lease is part of the Debtor's broader effort to reduce occupancy expense and preserve postpetition liquidity. In light of current economic conditions, the Debtor has determined that relocating from the former premises to lower-rent replacement space is a prudent business decision. The Debtor submits that replacing the Existing Lease with a commercially reasonable lease on the terms disclosed to the Court is a sound exercise of business judgment and is in the best interests of the estate and creditors.

**B. To the Extent Applicable, the Court May Authorize the Debtor to Incur the Lease Obligations Under 11 U.S.C. § 364(b).**

17. Section 364(b) authorizes the Court, after notice and a hearing, to permit a debtor-in-possession to obtain unsecured credit or incur unsecured debt outside the ordinary course of business that is allowable as an administrative expense under 11 U.S.C. § 503(b)(1).

18. To the extent the Debtor's payment and other obligations under the proposed lease constitute the incurrence of unsecured debt outside the ordinary course, the Debtor requests authority under § 364(b) to incur those obligations in accordance with the lease. The Debtor does not seek to grant the proposed landlord any lien, superpriority claim, or other extraordinary bankruptcy priority by this Motion.

19. The lease obligations are necessary to preserve the Debtor's operations and revenue-generating capacity and are therefore appropriate costs of preserving and operating the estate, subject to the terms of the Bankruptcy Code and any order approving the lease.

**C. The Proposed Transaction Is in the Best Interests of the Estate and Creditors.**

20. The Debtor's anticipated plan is dependent upon continued operations and the generation of disposable income from jewelry sales and repair services. The proposed lease is intended to provide the Debtor with premises from which it can continue those operations at a lower rental cost while pursuing confirmation of a plan. The anticipated reduction in occupancy expense will preserve cash flow available for operations and plan funding.

21. Absent authority to obtain replacement premises, the Debtor's ability to maintain uninterrupted operations, generate plan funding, and preserve going-concern value may be materially impaired. Approval of the proposed lease therefore benefits the estate and creditors.

## REQUEST FOR EXPEDITED HEARING

22. The Debtor requests an expedited hearing on this Motion. The Debtor vacated the premises subject to the Existing Lease on July 9, 2026 and must secure replacement premises to avoid disruption to its retail and repair operations. The Debtor has identified lower-cost replacement space, and delay in obtaining approval could jeopardize the availability of the proposed premises and impair the Debtor's ability to generate revenue.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the relief requested herein and awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LORIUM PLLC**
*Counsel for Debtor*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@loriumlaw.com

By: /s/ Joe M. Grant
JOE M. GRANT
Florida Bar No. 137758

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of July, 2026, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all parties and counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

***Served via CM/ECF NOTICE:***
Carol Lynn Fox; cfox@glassratner.com; cclf11@trustesolutions.net
Siobhan E. P. Grant on behalf of Creditor Coral Creek R2G Owner, LLC; sgrant@hinshawlaw.com; bmarquez@hinshawlaw.com; kcongdon@hinshawlaw.com; MIADocket@hinshawlaw.com
Molly R Litchfield on behalf of Creditor Coral Creek R2G Owner, LLC; mlitchfield@hinshawlaw.com; attorneyteam01support@hinshawlaw.com
Martin P Ochs on behalf of U.S. Trustee Office of the US Trustee; martin.p.ochs@usdoj.gov
Office of the US Trustee; USTPRegion21.MM.ECF@usdoj.gov
John Schank on behalf of U.S. Trustee Office of the US Trustee; john.s.schank@usdoj.gov
Eric J Silver on behalf of Interested Party Drew Dillworth
esilver@stearnsweaver.com; jless@stearnsweaver.com; fsanchez@stearnsweaver.com; cgraver@stearnsweaver.com; mfernandez@stearnsweaver.com