**ORDERED in the Southern District of Florida on September 10, 2026.**

Mindy A. Mora, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re: Case No. 26-16032-MAM
Chapter 11

**I&I DIAMONDS LLC,**

Debtor.
_______________________________________/

**ORDER GRANTING DEBTOR'S MOTION TO CONVERT**
**CASE UNDER CHAPTER 11 TO CASE UNDER CHAPTER 7**

This case came before the Court for hearing on August 25, 2026 on the motion under 11 U.S.C. § 1112(a) by the debtor, I&I Diamonds LLC, to convert this case to a case under chapter 7 [D.E. 60]. Because this case was not originally commenced as an involuntary case under chapter 11 and was not previously converted to a case under chapter 11 other than on the debtor's request, the debtor may convert this case to a case under chapter 7. Accordingly, it is

**ORDERED that:**

1. The motion is **GRANTED**.

2. This chapter 11 case is converted to a case under chapter 7.

3. If the debtor has not paid the $15 additional fee required by 11 U.S.C. § 330(b)(2), the debtor must immediately remit this payment to the clerk of court.

**4. Duties of debtor in possession.** The debtor in possession must:

a. promptly turn over to the chapter 7 trustee all documents and property of the estate that are in its possession or control, as required by Fed. R. Bankr. P. 1019(d);

b. within 14 days after entry of this order,

(1) file a schedule of unpaid debts incurred after the petition was filed but before conversion and include the name and address of each claim holder, as required by Fed. R. Bankr. P. 1019(e)(1)(A);

(2) file a supplemental mailing matrix containing the name and address of each entity included on the schedule of unpaid debts; and

(3) serve on each claim holder listed on the schedule of unpaid debts local form Debtor's Notice of Compliance With Requirements for Amending Creditor Information (LF-4); and

c. within 30 days after entry of this order, file and send to the United States trustee a final report and account, as required by Fed. R. Bankr. P. 1019(e)(1)(B).

**5. Duties of debtor.** The debtor must:

a. within 14 days after entry of this order, file any lists, inventories, schedules, and statements of financial affairs required that were not previously filed, as required by Fed. R. Bankr. P. 1019(a)(1), including, if the debtor is an individual:

(1) unless 11 U.S.C. § 707(b)(2)(D) applies,

(A) a statement of current monthly income (Form 122A-1); and

(B) if that income exceeds the median family income for the debtor's state and household size, the chapter 7 means-test calculation (Form 122A-2); and

(2) copies of all payment advices or other evidence of payment that the debtor received from any employer within 60 days before the petition was filed—with all but the last 4 digits of the debtor's social-security number or individual taxpayer-identification number deleted, as required by Fed. R. Bankr. P. 1007(b)(1)(E); and

(3) a statement of compliance (included in Form 101) about whether the debtor received a briefing about credit counseling as required by 11 U.S.C. § 109(h)(1), which statement must include:

(A) a certificate and any debt-repayment plan required by 11 U.S.C. § 521(b);

(B) a statement that the debtor has received the credit-counseling briefing required by 11 U.S.C. § 109(h)(1), but does not have a § 521(b) certificate;

(C) a certification under 11 U.S.C. § 109(h)(3); or

(D) a request for a court determination under 11 U.S.C. § 109(h)(4);

b. within 30 days after entry of this order or before the first date set for the meeting of creditors under 11 U.S.C. § 341, whichever is earlier, file the statement of intention required by 11 U.S.C. § 521(a) (Form 108), as required by Fed. R. Bankr. P. 1019(a)(2) and 1007(b)(2)(A);

c. within 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341, unless an approved provider has notified the court that the debtor has completed a course in personal financial management after filing the petition or the debtor is not required to

complete one as a condition to discharge, file a certificate of course completion issued by the provider, as required by Fed. R. Bankr. P. 1007(b)(7); and

d. if this case is being converted after a plan was confirmed, the debtor must also, within 30 days after entry of this order:

(1) file a schedule of property that was acquired after the petition was filed but before conversion and was not listed in the final report and account, as required by Fed. R. Bankr. P. 1019(e)(3)(A);

(2) file a schedule of unpaid debts that were incurred after confirmation but before conversion and were not listed in the final report and account, as required by Fed. R. Bankr. P. 1019(e)(3)(B);

(3) file a schedule of executory contracts and unexpired leases that were entered into or assumed after the petition was filed but before conversion, as required by Fed. R. Bankr. P. 1019(e)(3)(C);

(4) file a supplemental mailing matrix containing the name and address of each entity included on the schedules listed in paragraphs 5.d.(2) and (3); and

(5) serve on each claim holder included on the schedule listed in paragraph 5.d.(2) and on each counterparty to an executory contract or unexpired lease included on the schedule listed in paragraph 5.d.(3) local form Debtor's Notice of Compliance With Requirements for Amending Creditor Information (LF-4).

**6. Chapter 11 administrative expense claims, (including final applications for compensation) and claims under 11 U.S.C. § 348(d).**

a. In a converted case. Under Fed. R. Bankr. P. 1019(f)(1) and Local Rule 1019-1(b)(1), except in a chapter 7 case that had been converted to a chapter 11 case and then

reconverted to a chapter 7 case, a request by an entity other than a governmental unit to pay an administrative expense under 11 U.S.C. § 503(a) incurred before conversion (including final applications for compensation under Fed. R. Bankr. P. 2016(a) for all professional persons whose employment was approved under 11 U.S.C. §§ 327 or 1103) or a claim under § 348(d), must be filed no later than 70 days after entry of this order. A request filed before conversion is timely and need not be filed again. The debtor in possession or, if the debtor is not a debtor in possession, the trustee serving at the time of conversion must provide notice of this deadline to all known entities that might assert an administrative expense claim or claim under 11 U.S.C. § 348(d).

b. In a reconverted case. Under Local Rule 1019-1(b)(2), if this case was a chapter 7 case that had been converted to a chapter 11 case and is now being reconverted to a chapter 7 case, the trustee must file a motion requesting the court set a deadline to file requests for payment of an administrative expense or a claim under § 348(d).

# # #

**Submitted by:**
Joe M. Grant, Esquire
Lorium PLLC
Attorneys for Debtor
100 N.E. 3rd Ave., Suite 700
Fort Lauderdale, FL 33301
Telephone No. 561.361.1000

Joe M. Grant, Esquire must serve a copy of this order on the debtor, all creditors, and all indenture trustees and must file a certificate of service as required by Local Rule 9036-2.